IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PAMELA M. SATTELBERG,

                          Plaintiff,                        OPINION AND ORDER

    v.

                                                                  12-cv-898-wmc

UNITED STATES OF AMERICA and
HEALTH CARE SERVICES CORPORATION,

                          Defendants.
_____

      The court is in receipt of United States of America's motions to bifurcate the trial of this matter pursuant to Federal Rule of Civil Procedure 42(b) and to stay discovery pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii). (Dkt. #17.) Although contrary to the court's general approach, both motions will be granted here because (1) the majority of discovery and related expenses appear tied to the damages portion of this case; (2) there is a reasonable likelihood that this case will be resolved or at least narrowed at the liability stage (whether at summary judgment or at trial); and (3) any trial (or trials) will be in front of the court, eliminating the need for two, separate juries.

BACKGROUND

      In this action brought pursuant to the Federal Tort Claims Act, plaintiff Pamela Sattelberg alleges that she slipped, fell and hit her head in a parking lot at the William S. Middleton Memorial Veterans Hospital on January 24, 2012. Plaintiff alleges that defendants were negligent in the "maintenance, use, and operation of said parking lot." (Comp. (dkt. #1) ¶ 7.) In her Rule 26(a) disclosures, plaintiff identifies 27 witnesses

that likely have discoverable information relating to the damages she suffered, including 12 physicians and/or health care providers. (Pl.'s Rule 26(a) Disclosures (dkt. #7).) In contrast, she lists just one witness, herself, having information about the circumstances surrounding the fall.

In its motion, the United States focuses on the extensive discovery that will need to be completed to defend against plaintiff's $500,000 damages request, not to mention the costs to the government of retaining medical experts and an independent medical examination. The United States also points to the fact that plaintiff is still in treatment for her injuries, as demonstrated by her increasing request for damages. In contrast, fact discovery on issues of liability should be much more straightforward and, from the United States' perspective, potentially limited to a deposition of plaintiff. Moreover, the United States represents that based on its understanding of the record to date, the court may have grounds to award summary judgment on liability and, even if fact issues prevent that, to award final judgment at the end of the liability phase of the trial.

In opposing defendants' motion, plaintiff seems primarily concerned with the United States' request to depose plaintiff, at least as to issues of liability, as soon as possible. Communications between counsel demonstrate that the United States is willing to bifurcate Sattelberg's deposition, spending three hours on liability in the near future, and the remaining time of the allowed seven hours at a later date on damages. The United States has also proposed a deposition in Rockford, Illinois, for plaintiff's convenience.

OPINION

Under Fed. R. Civ. P. 42(b), "the court may order a separate trial of one or more separate issues," for at least three reasons: "[f]or convenience, to avoid prejudice, or to expedite and economize." Nevertheless, this court is typically reluctant to grant the relief requested by the United States because such a request usually involves a longer calendar and the need to impanel two juries. As the government has pointed out, this case is set for court trial, and therefore the latter concern is not of issue. While the court will need to extend the overall timeline slightly in order to complete the liability phase before damages, a slightly modified timeframe could save substantial, anticipated discovery-related expenses associated with the damages phase of the trial, as well as honor the court's ongoing willingness, and slight preference, for determining issues of liability ahead of damages, especially since the extent of plaintiff's damages may still be evolving.

Accordingly, staying any discovery of damages until after liability has been determined pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii) is reasonable and, indeed, necessary in order to provide the United States' the relief requested. As detailed below, the court has set forth sufficient time, assuming liability in plaintiff's favor, for the parties to proceed with damages discovery, including the naming of medical experts and the conducting of independent medical examinations.

To the extent plaintiff is concerned about the United States' plan to move for summary judgment on liability as soon as possible, plaintiff is now on notice of the United States' intent and should proceed diligently with liability discovery to the extent she has not done so to date. Similarly, the defendants will also be expected to cooperate

in expedited discovery should plaintiff require it to respond timely to defendants' summary judgment motion. Moreover, if Sattelberg's deposition has not been scheduled, plaintiff is expected to cooperate fully in promptly scheduling a three hour time period for a discovery deposition on issues of liability.

ORDER

IT IS ORDERED that:

1) the United States of America's motion to bifurcate and stay discovery (dkt. #17) is GRANTED; and

2) the preliminary pretrial conference order (dkt. #6) is amended as follows:

   a. Disclosure of Liability Experts:    Plaintiff: July 31, 2013

   Defendant: August 30, 2013

   b. Deadline for Filing Dispositive Motions (Liability): September 20, 2013

   c. Settlement Letters:    November 15, 2013

   d. Discovery Cutoff (Liability):    November 22, 2013

   e. Court Trial (Liability): December 9, 2013 at 9:00 a.m.

   f. Disclosure of Damages Experts:    Plaintiff: February 28, 2014

   Defendant: March 28, 2014

   g. Settlement Letters:    April 18, 2014

   h. Discovery Cutoff (Damages):    April 25, 2014

      i.   Court Trial (Damages): June 2, 2014

Entered this 12th day of June, 2013.

                                              BY THE COURT:

                                              /s/

                                            _____
                                            WILLIAM M. CONLEY
                                            District Judge